# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

**MAXWELL BROTHERS LUMBER COMPANY, LLC**                                    Plaintiff

v.                                                                          No. 4:18-cv-182-BJB

**VENEER SERVICES, LLC**                                                    Defendant

\* \* \* \* \*

## MEMORANDUM OPINION & ORDER

Maxwell Brothers Lumber Company prevailed in this breach-of-contract suit after a bench trial. *See generally* Findings of Fact & Conclusions of Law (DN 94). It won a judgment of $714,038.12 (comprising damages and prejudgment interest) and has now filed a bill of costs (DN 97) asking the Court to award an additional $7,305.27 in costs. That amount comprises $750 in court fees, $2,269.96 in copying expenses, and $4,285.31 in transcript fees. DN 97-1. Veneer Services disagrees. Objection (DN 98). It has objected on the grounds that the relevant statutes and rules bar Maxwell Brothers from recovering most of its claimed court and copying fees.

Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party" unless "a federal statute, these rules [of civil procedure], or a court order provides otherwise." Rule 54 "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *Banks v. Bosch Rexroth Corp.*, 611 F. App'x 858, 860 (6th Cir. 2015) (citation omitted). "[T]o award costs to a prevailing party, the court must determine that the expenses are allowable and that the amounts are reasonable and necessary." *Id.*

The costs allowable under Rule 54(d) are set out in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). That provision allows a court to "tax as costs" the:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where copies are necessarily obtained for use in the case;

(5) Docket fees …; [and]

(6) Compensation of court appointed experts….

§ 1920. A related statute, 28 U.S.C. § 1914, sets the "fees of the clerk and marshal." *Smith v. Joy Technologies, Inc.*, No. 11-cv-270, 2015 WL 428115, at *5 (E.D. Ky. Feb. 2, 2015). Section 1914 provides for "a filing fee of $350" and "such additional fees only as are prescribed by the Judicial Conference of the United States." The Judicial Conference has issued a fee schedule detailing various miscellaneous fees that district courts may assess. *See District Court Miscellaneous Fee Schedule*, U.S. COURTS (Dec. 1, 2023), https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. "District courts may not award costs not authorized by the statute." *King v. Gowdy*, 268 F. App'x 389, 391 (6th Cir. 2008).

**A. Fees of the clerk.** Maxwell Brothers seeks to recover $750 in "Fees of the Clerk." DN 97-1 at 1. These fees have three components: (1) $250 for *pro hac vice* fees; (2) $100 for certificates of good standing; and (3) $400 for an "Initial Filing Fee." DN 97-2 at 2. Veneer Services objects to the request for *pro hac vice* fees and fees for certificates of good standing.

**1. *Pro hac vice* fees.** *Pro hac vice* fees are not specifically identified in either § 1920 or § 1914. Nor has the Judicial Conference listed *pro hac vice* fees in its Miscellaneous Fee Schedule. Recognizing this, the Seventh and Ninth Circuits have both held that *pro hac vice* fees are not recoverable costs under Rule 54. *Kalitta Air L.L.C. v. Central Texas Airborne System Inc.*, 741 F.3d 955, 957–58 (9th Cir. 2013); *Canter v. AT&T Umbrella Benefit Plan No. 3*, 33 F.4th 949, 959 (7th Cir. 2022). Maxwell Brothers does not address this caselaw, instead simply asking the Court to award its *pro hac vice* fees without any explanation or argument. True, decisions in this district have sometimes awarded *pro hac vice* fees as costs. *E.g.*, *Roll v. Bowling Green Metal Forming, LLC*, No 1:09-cv-81, 2010 WL 3069106, at *2 (W.D. Ky. Aug. 4, 2010) ("The Court finds that a *pro hac vice* filing fee … may be taxed as part of costs); *see also Madison Capital Co., LLC v. S & S Salvage, LLC*, No. 4:08-cv-134, 2011 WL 3667673, at *1 (W.D. Ky. Aug. 22, 2011) ("The Court agrees with the holding in *Roll*…."). But these decisions do not analyze whether *pro hac vice* fees are recoverable costs; they instead note that the objecting party failed to carry its burden of persuasion and rely on an Eighth Circuit decision in support. *See Craftsmen Limousine v. Ford Motor Co.*, 579 F.3d 894, 898 (8th Cir. 2009). Yet that opinion is itself devoid of reasoning. *Id.* And nothing in § 1920, § 1914, or the Judicial Conference's fee schedule appears to rebut the Seventh and Ninth Circuit's reasoning or otherwise authorize courts to award *pro hac vice* fees as costs. *See generally Taniguchi v. Kan Pacific Saipan, Ltd.*, 566 U.S. 560, 573 (2012) ("[T]axable costs are limited by statute and are modest in scope…."). So the Court sustains this portion of Veneer's objection and declines to award Maxwell Brothers' $250 for *pro hac vice* fees.

**2. Certificates of Good Standing.** Next, Maxwell Brothers seeks to recover $100 for certificates of good standing. As with its request for *pro hac vice* fees, Maxwell Brothers does not provide any argument or explanation for why courts can and should award these fees. Veneer Services, by contrast, has identified several decisions declining to award fees for certificates of good standing. Objection at 2 n.1.

Unlike *pro hac vice* fees, however, the Judicial Conference has directed district courts to collect a fee of $21 for certificates of good standing. *See District Court Miscellaneous Fee Schedule*, U.S. COURTS (Dec. 1, 2023), https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. So this fee is a fee of the clerk and marshal, *see* §§ 1914, 1920(1), and thus can be recovered as part of an award of costs. Maxwell Brothers, though, seeks to recover $100 for two certificates of good standing. DN 97-2 at 2. This of course exceeds the $42 set by the Judicial Conference. Because Maxwell Brothers has provided no information explaining this difference, the Court cannot conclude that the remaining $58 it seeks for certificates of good standing is "allowable" or "reasonable and necessary." *Banks*, 611 F. App'x at 860 (citation omitted). So the Court sustains in part Veneer's objection and awards Maxwell brothers only $42 for certificates of good standing.

**3. Initial Filing Fee.** Maxwell Brothers also seeks to recover $400 for an initial filing fee. Veneer does not object to this fee, but as with the certificates of good standing, Maxwell Brothers seeks more than the Court is authorized to award. Section 1914(a) authorizes the clerk to require parties "to pay a filing fee of $350." The remaining $50 Maxwell Brothers seeks appears to be an administrative fee. *See Court Fees*, U.S. DIST. COURT, W. DIST. OF KY. (Dec. 1, 2023) https://www.kywd.uscourts.gov/court-fees. But the Court may award Maxwell Brothers only the $350 authorized by § 1914. *Smith*, 2015 WL428115, at *5.

\*\*\*

In total, Maxwell Brothers is entitled to $392 for fees of the clerk.

**B. Copying expenses.** Maxwell Brothers also seeks to recover $2,269.96 for copying expenses. DN 97-2. Section 1920(4) authorizes district courts to "tax as costs" the "costs of making copies of any materials where the copies are necessarily obtained for use in the case." Because the statutory language authorizes a court to award expenses only for copies "necessarily obtained for use in the case," the Sixth Circuit has explained that "[a] simple rubber stamp" of a request for copying expenses "is insufficient." *Bowling v. Pfizer, Inc.*, 132 F.3d 1147, 1151–52 (6th Cir. 1998). Instead, it has directed district courts to "cast a strict eye toward counsel's expense submissions." *Id.* at 1152. Those courts have routinely denied requests for copying expenses when the request fails to explain how the copies were "necessarily obtained for use in the case." *E.g.*, *Charles v. Print Fulfillment Services, LLC*, No. 3:11-cv-553, 2016 WL 1030145 at *3 (W.D. Ky. March 10, 2016); *Sublett v. Green*, No. 5:17-cv-116, 2020 WL 438931, at *2 (W.D. Ky. Jan. 28, 2020).

Maxwell Brothers does not provide any details about what it copied or why those copies were "necessarily obtained for use in the case." All it includes with its bill of costs are invoices detailing the number of pages copied and the cost per page, along with a declaration "that these costs were reasonably and necessarily incurred in bringing this lawsuit." DN 97-2 at 2, 4–5. This is insufficient. *See Charles*, 2016

WL 1030145, at *3. "Without more … this Court lacks sufficient information to assess how the copies were reasonably necessary for trial." *Id.*

Instead of objecting to all of Maxwell Brothers' claimed copying expenses, however, Veneer concedes that an award of $344 would be proper. This figure represents the cost, based on the information Maxwell Brothers provided, of one set of Maxwell Brothers' trial exhibits which were provided to the Court. Objection at 4. Costs incurred for copies prepared for the Court can be recovered under § 1920(4). *Miles Farm Supply, LLC v. Helena Chemical Co.*, No. 4:06-cv-23, 2008 WL 4561574, at *4 (W.D. Ky. Oct. 10, 2008). The Court sustains Veneer's objection and awards Maxwell Brothers $344 in copying expenses.

**C. Transcript fees.** Last, Maxwell Brothers seeks to recover $4,285.31 for deposition and trial transcripts. DN 97-2 at 1. Veneer does not object to this portion of the bill of costs. Section 1920(2) allows a court to "tax as costs" the "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." Maxwell Brothers seeks to recover fees to obtain the deposition transcripts for Alan Koers, Dane Floyd, Larry Voelker, Paul Maxwell, Nathan Maxwell, Brandon Tuell, Teresa Gaddis, Joel Dulin, and Tim Brown. DN 97-2 at 1. Each of these witnesses was included in Maxwell Brothers' pretrial list of witnesses and deposition designations. DN 73. It thus appears that these transcripts were "necessarily obtained for use in the case." The same is true for the trial transcripts, which were cited in Maxwell Brothers' post-trial brief. *See* DN 91. So the Court awards Maxwell Brothers $4,285.31, without objection, for deposition and trial transcripts.

## ORDER

The Court grants in part Maxwell Brothers' Bill of Costs (DN 97), sustains in part Veneer Services' Objection (DN 98), and awards Maxwell Brothers $5021.31: $392 in clerk fees, $344 in copying expenses, and $4285.31 in transcript fees.

Benjamin Beaton, District Judge
United States District Court

May 15, 2024

4